UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00899

**Naavah LLC,**
*Plaintiff,*
v.
**Kristin Dodson Smith,**
*Defendant.*

# ORDER

Plaintiff brought this case seeking declaratory relief. Doc. 1 at 9. Defendant filed a motion to dismiss, or in the alternative, to stay the case pending resolution of a related, first-filed action pending in the Central District of California, or to transfer the case pursuant to 28 U.S.C. § 1404(a). Doc. 8. Defendant appeared pro se, and the court designated a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1) to handle the case. Doc. 10. The magistrate judge issued a report recommending that that defendant's motion be denied as to dismissal but granted as to transfer. Doc. 20. Plaintiff filed timely objections. Doc. 25. Defendant did not object to the recommendation that dismissal be denied.

## I. Standard of review

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The court

may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## II. Analysis

### a. Dismissal

No party objected to the magistrate judge's recommendation that dismissal be denied. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's recommendation that dismissal be denied.

### b. Transfer

The magistrate judge's recommendation to transfer pursuant to the first-to-file rule is subject to review for clear error or a finding contrary to law under Fed. R. Civ. P. 72(a). *En Fuego Tobacco Shop LLC v. United States Food and Drug Admin.*, No. 4:18-cv-00028, 2018 WL 11247716, at *2 (E.D. Tex. Jul. 30, 2018) (transferring to the District Court for the District of Columbia for consolidation with a first-filed action).

Plaintiff contends that the magistrate judge improperly applied the *Brillhart* abstention doctrine. Doc. 25 at 2–3; *see generally Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). *Brillhart* abstention is applicable when a district court considers abstaining from exercising jurisdiction over a declaratory judgment action in light of a co-pending state-court action that presents the same issues, is not governed by federal law, and is between the same parties. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart*, 316 U.S. at 495). But plaintiff's contention is incorrect. The magistrate judge noted that the first-filed action is pending in federal court and not state court. Doc. 20 at 7. The magistrate judge therefore found that *Brillhart* abstention as such does not apply. *Id.* So to the extent that plaintiff's objections are only that *Brillhart* abstention should not apply, these objections are

overruled as frivolous because they agree with the finding of the magistrate judge. *See* Doc. 25 at 3–6.

Instead, the court understands that the magistrate judge recommends transfer under the first-to-file rule. Doc. 20 at 6. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The Fifth Circuit has expressly held that a jurisdictional dispute in the first-filed case is not a condition precedent to applying the first-to-file rule. *Id.* at 605 ("While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it.").[1] Rather, absent compelling circumstances, the court with the first-filed action is the court to decide whether it will try the case. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). When the court with the second-filed action applies the first-to-file rule, it must first decide whether the issues might substantially overlap with the first-filed action. *Cadle Co.*, 174 F.3d at 605–06. If the issues might substantially overlap, the court should transfer the case to the court with the first-filed action, so that the court with the earlier action may determine which case should proceed or whether the cases should be consolidated. *Id.*; *Mann Mfg., Inc.*, 439 F.2d at 408.

Courts within the Fifth Circuit have found conditions under which the court may properly decline to follow the first-to-file rule even where there is substantial overlap between the two cases. These include whether the suit is anticipatory or whether there are other compelling circumstances, such as the presence of a forum-selection clause. *See, e.g.*, *Zurich Am. Ins. Co. v. Carter & Carter Constr. LLC*, No. 4:22-cv-00196, 2022 WL 17330463, at

---

[1] Because the Fifth Circuit has so ruled, the magistrate judge's recommendation is not clearly erroneous or contrary to law for declining to defer to the pending jurisdictional dispute in the California litigation. Plaintiff's objection to the contrary is overruled. *See* Doc. 25 at 6.

*4–5 (E.D. Tex. Nov. 29, 2022) (declining to transfer based on the anticipatory nature of the first-filed suit as well as the presence of a forum-selection clause, despite acknowledging that transfer would be otherwise appropriate); *see also True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, No. H-15-3287, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016) ("Courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.").

Thus, the magistrate judge correctly applied the first-to-file rule by (1) considering whether there was substantial overlap between the two cases, (2) scrutinizing the chronology of filings for a determination of whether plaintiff's suit is anticipatory, (3) examining additional equities to determine whether any additional compelling circumstances supported retention of this case, and (4) recommending transfer, having found a substantial overlap between the cases and no reason to retain the case. Doc. 20 at 7–9.

Plaintiff objects to the magistrate judge's finding that a substantial overlap exists between the first- and second-filed cases. Doc. 25 at 7. The court overrules plaintiff's objection that the magistrate's determination is "wrong factually." *Id.* Plaintiff has nothing more to offer than a conclusory statement that plaintiff "maintains that there is no likelihood of substantial overlap." *Id.* at 7 n. 6. The court reviews the magistrate judge's detailed analysis of the issue for clear error and finds none. Doc. 20 at 7–8. Further, plaintiff argues that only the first-filed court may make a determination of whether there is a substantial overlap. Doc. 25 at 7 (citing *Cadle Co.*, 174 F.3d at 606). Plaintiff reads the law incorrectly. "[O]nce the district court [finds] that the issues might substantially overlap, the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interest of sound judicial administration and judicial economy, proceed." *Cadle Co.*, 174 F.3d at 606. Thus, the

magistrate judge's findings are not contrary to law. Plaintiff's objection is overruled.

Finally, plaintiff objects on the grounds that compelling circumstances warrant departure from the first-filed rule. Doc. 25 at 7–8. Ordinarily, a party is not entitled to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). But because the magistrate judge recommends transfer based on the first-to-file rule rather than under 28 U.S.C. § 1404(a) or a stay under the first-to-file rule as defendant first argued, the court will grant leeway to plaintiff and review this objection under Rule 72(a). *See* Doc. 8 at 7–10.

Plaintiff contends that defendant's attorney in the California litigation promised to provide plaintiff's counsel with information substantiating defendant's demands but instead filed the California action while plaintiff was waiting. Doc. 25 at 8. Plaintiff cites to authority that is devoid of all detail as to what "alleged misleading occurrences" prompted the court not to apply the first-to-file rule. *Id.*; *see Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, No. 07-4542, 2007 WL 9812701, at *3 (E.D. La. Dec. 10, 2007). Here, the magistrate judge noted that plaintiffs were in possession of a draft of the California pleadings as early as July 17, 2026. Doc. 20 at 8. Plaintiff admitted to the magistrate judge that this was before plaintiff requested substantiating documents. Doc. 15 at 5. On the whole record, the court finds no clear error in the magistrate judge's findings.

### III. Conclusion

Having reviewed the record and being satisfied that there is no clear error or any finding contrary to law, the court accepts the report's findings and recommendations. The court transfers this case to the United States District Court for the Central District of California. Any pending motions are denied as moot.

*So ordered by the court on September 25, 2026.*

J. CAMPBELL BARKER
United States District Judge