UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00899

**Naavah LLC,**
*Plaintiff,*
v.
**Kristin Dodson Smith,**
*Defendant.*

# ORDER

Plaintiff brought this case seeking declaratory relief. Doc. 1 at 9. Defendant filed a motion to dismiss, or in the alternative, to stay the case pending resolution of a related, first-filed action pending in the Central District of California, or to transfer the case pursuant to 28 U.S.C. § 1404(a). Doc. 8. Defendant appeared pro se, and the court designated a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1) to handle the case. Doc. 10. The magistrate judge issued a report recommending that defendant's motion be denied as to dismissal but granted as to transfer. Doc. 20. Plaintiff filed timely objections. Doc. 25. Defendant did not object to the recommendation that dismissal be denied.

## I. Standard of review

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The court may modify or set aside a magistrate judge's order only if it is

clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## II. Analysis

### a. Dismissal

No party objected to the magistrate judge's recommendation that dismissal be denied. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's recommendation that dismissal be denied.

### b. Transfer

The magistrate judge's recommendation to transfer pursuant to the first-to-file rule is subject to review for clear error or a finding contrary to law under Fed. R. Civ. P. 72(a). *En Fuego Tobacco Shop LLC v. United States Food and Drug Admin.*, No. 4:18-cv-00028, 2018 WL 11247716, at *2 (E.D. Tex. Jul. 30, 2018) (transferring to the District Court for the District of Columbia for consolidation with a first-filed action).

Plaintiff contends that the magistrate judge improperly applied the *Brillhart* abstention doctrine. Doc. 25 at 2–3; *see generally Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). *Brillhart* abstention is applicable when a district court considers abstaining from exercising jurisdiction over a declaratory judgment action in light of a co-pending state-court action that presents the same issues, is not governed by federal law, and is between the same parties. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart*, 316 U.S. at 495). But plaintiff's contention is incorrect. The magistrate judge noted that the first-filed action is pending in federal court and not state court. Doc. 20 at 7. The magistrate judge therefore found that *Brillhart* abstention as such does not apply. *Id.* So to the extent that plaintiff's objections are only that *Brillhart* abstention should not apply, these objections are

overruled as frivolous because they agree with the finding of the magistrate judge. *See* Doc. 25 at 3–6.

Instead, the court understands that the magistrate judge recommends transfer under the first-to-file rule. Doc. 20 at 6. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule arises out of a long-recognized need for comity among federal district courts. As the Supreme Court explained in 1884, "[t]he forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity[.]" *Covell v. Heyman*, 111 U.S. 176, 182 (1884). "As between federal district courts, . . . [although] no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Although no hard-and-fast rule governs all conceivable circumstances, the Fifth Circuit has handed down guidelines for the exercise of district courts' discretion. To avoid duplication of judicial effort, potentially inconsistent judgments, and piecemeal litigation of issues that call for a uniform result, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985). As an alternative, it "may be appropriate to transfer the action or to stay it." *Id.* at 729 n.1 (noting that the court receiving a transferred case should consolidate it with the parallel case).

The Fifth Circuit has expressly held that a jurisdictional dispute in the first-filed case is not a condition precedent to applying the first-to-file rule. *Cadle Co.*, 174 F.3d at 605 ("While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in

favor of that court's jurisdiction is never a condition precedent to applying it.").[1] Rather, absent compelling circumstances, the court with the first-filed action is the court to decide whether it will try the case. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

When the court with the second-filed action applies the first-to-file rule, it must first decide whether the issues might substantially overlap with the first-filed action. *Cadle Co.*, 174 F.3d at 605–06. If the issues might substantially overlap, the court should transfer the case to the court with the first-filed action, so that the court with the earlier action may determine which case should proceed or whether the cases should be consolidated. *Id.*; *Mann Mfg., Inc.*, 439 F.2d at 408.

Courts within the Fifth Circuit have found conditions under which the court may properly decline to follow the first-to-file rule even where there is substantial overlap between the two cases. These include whether the suit is anticipatory or whether there are other compelling circumstances, such as the presence of a forum-selection clause. *See, e.g.*, *Zurich Am. Ins. Co. v. Carter & Carter Constr. LLC*, No. 4:22-cv-00196, 2022 WL 17330463, at *4–5 (E.D. Tex. Nov. 29, 2022) (declining to transfer based on the anticipatory nature of the first-filed suit as well as the presence of a forum-selection clause, despite acknowledging that transfer would be otherwise appropriate); *see also True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, No. H-15-3287, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016) ("Courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.").

[1] Because the Fifth Circuit has so ruled, the magistrate judge's recommendation is not clearly erroneous or contrary to law for declining to defer to the pending jurisdictional dispute in the California litigation. Plaintiff's objection to the contrary is overruled. *See* Doc. 25 at 6.

Thus, the magistrate judge correctly applied the first-to-file rule in this case by (1) considering whether there was substantial overlap between the two cases, (2) scrutinizing the chronology of filings for a determination of whether plaintiff's suit is anticipatory, (3) examining additional equities to determine whether any additional compelling circumstances supported retention of this case, and (4) recommending transfer, having found a substantial overlap between the cases and no reason to retain the case. Doc. 20 at 8–10.

Plaintiff objects to the magistrate judge's finding that a substantial overlap exists between the first- and second-filed cases. Doc. 25 at 7. The court overrules plaintiff's objection that the magistrate's determination is "wrong factually." *Id.* Plaintiff has nothing more to offer than a conclusory statement that plaintiff "maintains that there is no likelihood of substantial overlap." *Id.* at 7 n.6. The court reviews the magistrate judge's detailed analysis of the issue for clear error under Rule 72(a) and finds none. Doc. 20 at 7–8. The magistrate judge found that "[b]oth complaints concern Defendant's professional relationship with Ashleigh Pogue and the businesses associated with her, including Naavah, during the time period of 2025–2026." *Id.* In particular, the magistrate judge found that the existence of a valid and enforceable "proposed executive arrangement is the central factual dispute" in both cases. *Id.* at 8. "[B]oth pleadings address essentially the same negotiations, communications, proposed compensation, and alleged transition to an executive role." *Id.* The court is persuaded to exercise its discretion in favor of transferring the case for consolidation. Judicial effort would be substantially duplicated were the two cases to proceed in parallel, as the parties' claims "all arise out of the same underlying operative facts—the dispute regarding the business relationship between Plaintiff and Defendant." *Id.* This creates the possibility of a conflict in judgments. For example, a hypothetical ruling by this court declaring that no meeting of the minds occurred would not align with a hypothetical judgment of the Central District of California awarding damages for breach of the alleged agreement at issue.

Plaintiff also argues that only the first-filed court may determine whether there is a substantial overlap. Doc. 25 at 7 (citing *Cadle Co.*, 174 F.3d at 606). Plaintiff reads the law incorrectly. "[O]nce the district court [finds] that the issues might substantially overlap, the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle Co.*, 174 F.3d at 606. Thus, the magistrate judge's findings are not contrary to law. It is reasonable, however, to raise an issue regarding the roles of each court in the first-to-file analysis. Indeed, one Fifth Circuit case suggests that, where there is substantial overlap between cases in two courts, only the court of first filing is authorized to decide "whether the second suit filed must be dismissed, stayed[,] or transferred and consolidated." *Stutter Corp. v. P&P Indus.*, 125 F.3d 914, 920 (5th Cir. 1997). But that language is dicta because the second-filed court there was reversed for rejecting all three options, *id.* at 917, not for refusing to allow the first-filed court to pick among them. The dicta is also unpersuasive because it overreads the cited case, which turned on the court in the first-filed action having enjoined the suit in the second court. *See Stutter Corp.*, 125 F.3d at 920 (citing *Mann Mfg., Inc.*, 439 F.2d at 408). *Sutter* did not overrule Supreme Court and prior circuit precedent holding that deferring to the forum of first filing is an exercise of comity *by* the court of second filing. *E.g.*, *Am. Life Ins. Co. v. Stewart,* 300 U.S. 203, 215 (1937) ("A court has control over its own docket. In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another . . . .") (citation omitted); *W. Gulf*, 751 F.2d at 732 (holding that deference is in "the discretion of the court in the second-filed action").

Finally, plaintiff objects to transfer on the grounds that compelling circumstances warrant departure from the first-filed rule. Doc. 25 at 7–8. Ordinarily, a party is not entitled to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). But because the magistrate judge recommends

transfer based on the first-to-file rule rather than under 28 U.S.C. § 1404(a) or a stay under the first-to-file rule as defendant first argued, the court will review this objection under Rule 72(a). *See* Doc. 8 at 7–10.

Plaintiff contends that defendant's attorney in the California litigation promised to provide plaintiff's counsel with information substantiating defendant's demands but instead filed the California action while plaintiff was waiting. Doc. 25 at 8. Plaintiff cites authority that is devoid of all detail as to what "alleged misleading occurrences" prompted the court not to apply the first-to-file rule. *Id.* (citing *Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, No. 07-4542, 2007 WL 9812701, at *3 (E.D. La. Dec. 10, 2007)). To show misleading conduct, plaintiff cites its argument before the magistrate judge that "[f]ollowing receipt of Smith's demand letters and frivolous draft complaint, Naavah's counsel requested multiple times that Smith's attorney provide information substantiating her demands." Doc. 15 at 5 (cited at Doc. 25 at 8). But plaintiff's own evidence shows that defendant's counsel sent plaintiff a draft of the California pleadings on July 2, 2026, in an email that establishes that pre-suit negotiations had failed. Doc. 15-3 at 1. Defendant's California counsel expressly warned that they had authorization to file suit and gave plaintiff a deadline of "Friday, July 10, 2026[,] to resolve this dispute." *Id.* Thus, to the extent that plaintiff, "[f]ollowing receipt of Smith's . . . draft complaint" (Doc. 15 at 5), requested evidence substantiating defendant's demands, the evidence shows that it did so under an express warning from defendant's counsel that defendant would file the California action on or after July 10. Defendant filed her California action on July 17, 2026. Doc. 8-2. Thus, the court finds nothing in the record to support a finding based on compelling circumstances that the magistrate judge erred in recommending transfer.

**III. Conclusion**

Having reviewed the record and being satisfied that there is no error or any finding contrary to law, the court accepts the report's

findings and recommendations. The court transfers this case to the United States District Court for the Central District of California. Any pending motions are denied as moot.

*So ordered by the court on October 2, 2026.*

J. CAMPBELL BARKER
United States District Judge